UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIWANA HOSPITALITY, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-0629-CVE-MTS |
| | ) | |
| **AMGUARD INSURANCE COMPANY,** | ) | |
| **REGENT BANK, and DECOR** | ) | |
| **CONSTRUCTION, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Defendant AmGuard Insurance Company's Motion to Realign Parties (Dkt. # 6); Plaintiff's Motion to Remand (Dkt. # 35) and Defendant Decor Construction, Inc.'s Motion to Remand (Dkt. # 40). Defendant AmGuard Insurance Company (AmGuard) removed this case to federal court on the basis of diversity jurisdiction, even though Regent Bank and Decor Construction, Inc. (Decor) are not diverse from plaintiff Tiwana Hospitality, LLC (Tiwana). AmGuard argues that Tiwana has improperly named Regent Bank and Decor as parties solely for the purpose of defeating diversity jurisdiction, and Tiwana's petition does not even attempt to assert claims against these parties. Dkt. # 2, at 2. AmGuard asks the Court to realign Regant Bank and Decor as plaintiffs and to retain jurisdiction over this case. Dkt. # 6. Tiwana and Decor ask the Court to deny AmGuard's motion to realign the parties and remand the case to state court, because they assert that Decor was properly named as a party defendant and complete diversity of citizenship is lacking. Dkt. ## 35, 40.

Tiwana states that it owns a Holiday Inn Express & Suites (Holiday Inn) located in Claremore, Oklahoma, and the property was insured under a policy issued by AmGuard. Dkt. # 2-1,

at 2-3. Regent Bank holds a mortgage for the Holiday Inn. Id. at 2. Tiwana alleges that the Holiday Inn was damaged during a tornado on May 25 and May 26, 2024, and Tiwana filed a claim under the insurance policy on May 28, 2024. Id. at 7. As part of the investigation into the insurance claim, Tiwana alleges that AmGuard authorized Tiwana to incur costs to move all of the furniture out of the Holiday Inn, and Tiwana hired Decor to move the furniture to another location. Id. at 8-9. Tiwana asserts that AmGuard subsequently failed to pay for the removal of the furniture and Tiwana was unable to pay Decor. Id. at 9. Tiwana also retained Decor to perform mitigation work after AmGuard allegedly authorized Tiwana to begin repairs to minimize damage to the Holiday Inn. Id. at 10. Numerous disputes arose between AmGuard and Tiwana concerning the amount and timing of any payment under the insurance policy, and Tiwana claims that the only payment it has received prior to the filing of this case was a payment for $161,094.36 in November 2024. Id. at 19.

On November 25, 2024, Tiwana filed this case in Rogers County District Court, and Tiwana named AmGuard, Regent Bank, and Decor as defendants. Tiwana asserts claims for breach of insurance contract and bad faith against AmGuard, and Tiwana seeks a declaratory judgment that AmGuard has breached the insurance contract. Id. at 20, 22, 26. The petition alleges that Tiwana, Regent Bank, and Decor are entities organized under Oklahoma law and that AmGuard is a foreign corporation organized under Nebraska law. Id. at 2. The sole basis for naming Regent Bank as a defendant is that Regent Bank is the mortgage holder for the Holiday Inn, but there are no allegations that Regent Bank is a party to the insurance policy or that Regent Bank has an adverse interest to Tiwana. Id. at 2, 19. Tiwana alleges that it owes money to Decor due to AmGuard's failure to fully pay the disputed insurance claim, but Tiwana does not assert any right to recovery against Decor. Id. at 9-10, 28. Tiwana does not assert that Decor has any right to the insurance proceeds or that

2

Decor is an additional insured under the insurance policy. Instead, the most that can be inferred from Tiwana's state court petition is that Tiwana has outstanding debts to Regent Bank and Decor, and any recovery by Tiwana in this case would further Regent Bank's and Decor's interest in recovering a debt from Tiwana.

AmGuard removed the case to this Court on the basis of diversity jurisdiction. AmGuard acknowledges that Decor and Regent Bank lack diversity of citizenship with Tiwana, but AmGuard argues that Decor and Regent were "improperly and/or fraudulently named . . . as defendants, presumably to defeat diversity jurisdiction as there is no cause of action alleged by Plaintiff against either Regent Bank or [Decor]." Dkt. # 2, at 2. AmGuard states that Regent Bank and Decor are not properly characterized as defendants, and it has filed motion to realign the parties. Dkt. # 6. AmGuard asks the Court to realign Regent Bank and Decor as plaintiffs, but the motion to realign parties primarily argues that Tiwana has no substantial dispute with Regent Bank or Decor that would allow Tiwana to assert claims against these parties. Id. at 5-6. Tiwana concedes that it presently has no substantial dispute with Regent Bank and that Regent Bank should not be considered a defendant for the purpose of diversity jurisdiction. Dkt. # 31, at 2-3. However, Tiwana argues that it owes a substantial amount of money to Decor, and Tiwana claims that it was protecting its own interest by naming Decor as a party. Id. at 4. Decor has alleged a counterclaim (Dkt. # 29) against Tiwana and a crossclaim (Dkt. # 30) against AmGuard, and Tiwana asserts that Decor is

3

properly named as a defendant due to the existence of a conflict between these Tiwana and Decor.[1] Dkt. # 31, at 5.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., 2017 WL 887108, *2 (W.D. Okla. Mar. 6, 2017) (citing Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. §

---

[1] Tiwana also alleges that AmGuard may actually be aligned with Decor based on AmGuard's receipt of an anonymous tip that Tiwana was attempting to commit insurance fraud against AmGuard. Dkt. # 31, at 4-6. Tiwana speculates that Decor may have been the source of the anonymous tip. Id. at 11-12. The evidence cited by Tiwana provides no substantiation for this speculation, and the Court will not consider these allegations when reviewing the parties' arguments.

1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original). The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional factual allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. DeSmet v. CSAA Ins. Exch., 2019 WL 7284769, *2 (N.D. Okla. Dec. 27, 2019) (citing Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)). If a defendant can show that all non-diverse defendants were fraudulently joined, the remaining parties will be completely diverse and the federal court has subject matter jurisdiction. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications,

5

Inc., 329 F.2d 82, 85 (10th Cir. 1964). "After resolving disputed questions of fact and ambiguities in favor of the plaintiffs, the court then determines whether they have 'any possibility of recovery against the party whose joinder is questioned.'" Asbury v. N. Star Mut. Ins. Co., 2015 WL 588607, *1 (W.D. Okla. Feb. 11, 2015) (quoting Montano v. Allstate Indem., 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000)). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).[2] "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id. Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

AmGuard asks the Court to realign the parties to reflect their real interests in relation to Tiwana. Dkt. # 6. The notice of removal clearly and correctly states that Tiwana has not asserted any claims against Regent Bank or Decor and that Regent Bank and Decor "are not properly characterized as parties in this action." Dkt. # 2, at 2. AmGuard's motion to realign parties is based on the premise that "Tiwana has asserted no claims against either Regent Bank or [Decor] . . . and [Tiwana] seeks no relief from Regent Bank or [Decor]," and AmGuard makes little attempt to show that the interests of Tiwana, Regent Bank, and Decor are in any way aligned.

---

[2]  Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

Tiwana acknowledges that it has no current conflict with Regent Bank and that Regent Bank should not be considered a party when determining the existence of diversity jurisdiction. Dkt. # 31, at 2-3. However, Tiwana argues that its interests are adverse to those Decor, because Decor has filed a mechanics lien against Tiwana's property and Tiwana acknowledges that it owes a substantial amount of money to Decor. Id. at 3. Tiwana claims that its dispute with Decor is wholly independent from its claims arising under the insurance policy, and Tiwana alleges that it named Decor as a party to protect its own interests. Id. at 4. According to Tiwana, it has a substantial interest in having Decor identified as a loss payee on any checks issued by AmGuard as a result of this litigation. Id. Decor has filed a counterclaim against Tiwana to enforce its lien against Tiwana's property, and Decor also seeks a declaratory judgment against AmGuard concerning its rights under the insurance policy issued to Tiwana. Dkt. ## 29, 30.

Before reaching AmGuard's motion to realign the parties, the Court will consider the appropriate remedy when a removing defendant alleges that the plaintiff has fraudulently joined a party for the purpose of defeating diversity jurisdiction. Realignment would suggest that the parties named by the plaintiff have an interest in the litigation, but the plaintiff has intentionally aligned the parties in a manner that would defeat diversity jurisdiction. See Price v. Wolford, 608 F.3d 698, 704 (10th Cir. 2010). Fraudulent joinder is an entirely different analysis, and a defendant arguing that a party has been fraudulently joined is asserting that the improperly joined party has no interest in the litigation. "The 'fraudulent joinder' doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" Kansas State University v. Prince, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (quoting Mayes v. Rapoport, 198 F.3d 457,

461-62 (4th Cir. 1999)). AmGuard's motion is more appropriately treated as a request to dismiss fraudulently joined parties, rather than as a true motion to realign parties. AmGuard makes little or no attempt to show that the interests of Tiwana, Regent Bank, and Decor are aligned, but AmGuard plainly argues that Tiwana has not asserted and does not intend to assert claims against Regent Bank and Decor. In other words, Tiwana had no reason to join Regent Bank and Decor as parties and they were fraudulently joined as parties.

Tiwana has made no attempt to assert claims against Decor in its petition, and AmGuard correctly alleged in its notice of removal that Tiwana has made no attempt to bring claims against either Regent Bank or Decor. Decor vaguely alleges that its presence in this case will serve to "terminate some part of the controversy that exists between Tiwana, AmGuard, and Decor," and Decor claims that its presence in the case is necessary to "inform and guide the remainder of this litigation." Dkt. # 30, at 5. While Decor and Tiwana may have a dispute concerning non-payment of a debt, Tiwana does not dispute that it owes the debt to Decor and Tiwana acknowledges that it owes money to Decor for services rendered. Based on Tiwana's petition, the Court can find no adverse interest between Tiwana and Decor that would permit Tiwana to assert claims against Decor. This strongly suggests that the sole purpose for Tiwana to join Decor as a party was to destroy the existence of diversity jurisdiction.

Tiwana cites Belcher v. United Parcel Service, 2009 WL 4912169 (N.D. Okla. Dec. 10, 2009), as an example of a case when a court denied a defendant's request to realign the parties and granted a motion remand the case to state court due to lack of complete diversity of citizenship. In Belcher, the plaintiff alleged that he suffered injuries in an automobile accident and he was driving a vehicle owned by his employer, Marten Transport, Ltd. (Marten), when the accident occurred. Id.

8

at *1. The plaintiff and his employer were both citizens of Wisconsin for the purpose of diversity jurisdiction. Id. The plaintiff filed a case in Mayes County District Court naming the driver of the other vehicle, as well as the driver's employer and liability insurer, as defendants, and the plaintiff brought a claim for declaratory relief against his non-diverse employer. Id. The claim against Marten was based on Marten's self-insured workers compensation plan, and the plaintiff argued that Marten had a subrogation interest in the litigation that could potentially reduce the plaintiff's recovery against the other defendants. Id. at *1, 4. Marten argued that it should be realigned as a plaintiff in the litigation, because it had a subrogation interest that was actually adverse to the other named defendants. Id. at *2. The court found that it was "conceivable" that Marten could take a position that was adverse to the plaintiff in the litigation or the ongoing worker's compensation proceedings. Id. at *4. The plaintiff had asserted a colorable claim against Marten for declaratory relief, and the court remanded the case to state court due to lack of diversity jurisdiction.

Belcher is clearly distinguishable from this case and does not support Tiwana's argument that the Court lacks diversity jurisdiction over the case. The Belcher plaintiff established that he had an adverse interest to the non-diverse defendant, but he also asserted a colorable claim for relief against Marten. In contrast, Tiwana has made no attempt to assert claims against Decor, and Tiwana relies on the alleged existence of a conflict between Tiwana and Decor as a basis to join Decor as a party. Fraudulent joinder occurs when a plaintiff names a non-diverse party against whom it has no claims for the purpose of defeating diversity jurisdiction, and the Court finds that AmGuard has met its burden to show that Tiwana fraudulently joined Decor as a party. Tiwana made no attempt to assert claims against Decor in its state court petition, and it has made no argument that it has a colorable claim against Decor. Tiwana and Decor have a dispute concerning the non-payment of a debt, but

9

that dispute will not be resolved by this litigation. The Court notes that Decor has asserted a counterclaim against Tiwana and a crossclaim against AmGuard, but neither Tiwana nor Decor has cited any authority suggesting than claims by an improperly joined defendant can defeat the existence of federal subject matter jurisdiction. Based on AmGuard's showing that Regent Bank and Decor were fraudulently joined as parties, the Court finds that Regent Bank and Decor should be dismissed as parties, and the Court will retain jurisdiction over this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 35) and Defendant Decor Construction, Inc.'s Motion to Remand (Dkt. # 40) are **denied**.

**IT IS FURTHER ORDERED** that Defendant AmGuard Insurance Company's Motion to Realign Parties (Dkt. # 6) is **granted in part** and **denied in part:** the Court declines to realign the parties, but Regent Bank and Decor Construction, Inc. are **dismissed** as parties to this litigation.

**IT IS FURTHER ORDERED** that Regent Bank and Decor Construction, Inc. are **terminated** as parties to this case. Decor Construction, Inc.'s counterclaim (Dkt. # 29) and crossclaim (Dkt. # 30) are **dismissed without prejudice to refiling. The parties shall correct the case caption to reflect the one remaining defendant**.

**IT IS FURTHER ORDERED** that the remaining parties shall file a Joint Status Report no later than **April 10, 2025**.

**DATED** this 20th day of March, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE